[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2010
JOHN LEY

_____

No. 09-15316

_____

D. C. Docket No. 07-01233-CV-T-26-EAJ

JOHNATHAN MARK RUIZ,

Plaintiff-Appellee,

versus

TOWN OF INDIAN SHORES, FLORIDA,
a Florida municipality, et al.,

Defendants,

JOHN P. WISEMAN,
Officer, in his individual capacity,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 30, 2010)

Before DUBINA, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Defendant/Appellant Police Officer John P. Wiseman brings this interlocutory appeal from the district court's order denying his motion for summary judgment based upon qualified immunity. Plaintiff/Appellee Jon Mark Ruiz sued Wiseman, among others, claiming that Wiseman violated Ruiz's Fourth Amendment rights under 42 U.S.C. § 1983 by falsely arresting him and by using excessive force during the arrest.

After reviewing the record and reading the parties' briefs, we conclude that the district court erred in not granting Wiseman qualified immunity on the false arrest claim but properly denied Wiseman qualified immunity on the excessive force claim.

The record clearly demonstrates that, at the very least, Wiseman had arguable probable cause to arrest Ruiz for a violation of the Town of Indian Shores' public consumption ordinance. The Supreme Court has held that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318,

2

354, 121 S. Ct. 1536, 1557 (2001). That is the situation we have here and the district court erred in not granting qualified immunity to Wiseman on this claim.

Concerning the excessive force claim, we agree with the district court that the *Graham*[1] factors supported Ruiz. The present case is on "all-fours" with our recent decision in *Brown v. City of Huntsville, Alabama*, 608 F.3d 724 (11th Cir. 2010), where we reversed the district court's grant of summary judgment in favor of a law enforcement officer on an excessive force claim because his actions arguably constituted excessive force.

Accordingly, we affirm the district court's denial of qualified immunity to Wiseman on the excessive force claim.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

[1] *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1872 (1989).

3